IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRANDON D. BRADLEY, SR.,

                Plaintiff,

   v.                                                                                 OPINION and ORDER

CALEB HILL, JESSE PRATER, and                            24-cv-438-jdp
WISCONSIN DEPARTMENT OF CORRECTIONS,[1]

                Defendants.

---

      Plaintiff Brandon D. Bradley, Sr., proceeding without counsel, is incarcerated at Columbia Correctional Institution (CCI). Bradley alleges that prison staff painfully handcuffed him, blocked him from getting medical care for his injuries, and continues to force him to be handcuffed behind his back despite a shoulder condition that makes it painful to be handcuffed that way. Bradley has "struck out" under 28 U.S.C. § 1915(g); I dismissed his claims about past harm but allowed him to proceed on Eighth Amendment claims about staff blocking his access to medical care and on a claim under the Rehabilitation Act about being handcuffed behind his back for transportation to activities. Dkt. 3. This order concerns Bradley's attempt to amend his complaint and defendants' motion for partial summary judgment for Bradley's failure to exhaust his administrative remedies.

A. **Bradley's motion to amend his complaint**

      Bradley states that he wishes to amend his complaint to add claims against defendants Caleb Hill and Jesse Prater for retaliating against him by forcing him to be handcuffed behind

---

[1] I have amended the caption to reflect the proper spelling of defendants' names as stated in their filings.

his back, which causes him pain and discomfort because of his injured shoulder. Dkt. 18. But Bradley also states that as of the filing of his motion, he has been given a "front cuff" restriction. As I stated in screening Bradley's original complaint, because Bradley has "struck out" under 28 U.S.C. § 1915(g), he may proceed in forma pauperis only on claims suggesting that he is in imminent danger of serious physical harm. Bradley suggests that staff could remove the front-cuff restriction as soon as his claims are dismissed, but that isn't an allegation sufficient to show that he is now in imminent danger of harm. Because his proposed new retaliation claim is about past harm, I will deny his motion to supplement his complaint with it.

Bradley also suggests that prison staff is denying him protective custody, but he doesn't identify specific staff members to name as defendants, nor does he explain how the lack of protective custody will harm him. So I will not allow him to add that claim either.

**B. Defendants' exhaustion-based motion for partial summary judgment**

Defendants move for partial summary judgment, contending that Bradley failed to exhaust his administrative remedies for his Eighth Amendment claims against defendants Hill and Prater for blocking his correspondence with the Health Services Unit, resulting him in failing to receive care for his injuries following a painful handcuffing incident in March 2024. Dkt. 22.

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all available administrative remedies before filing a lawsuit in federal court about "prison conditions." 42 U.S.C. § 1997e(a). To comply with § 1997e(a), a prisoner must take each step in the administrative process, *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282,

2

284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025.

To exhaust administrative remedies in Wisconsin, inmates ordinarily must follow the Inmate Complaint Review System (ICRS) process as set forth in Wisconsin Administrative Code Chapter DOC 310. The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006). Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by defendants. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

Defendants contend that Bradley filed a grievance directly about the handcuffing incident but did not file a grievance about Hill and Prater subsequently blocking his correspondence with the Health Services Unit. Bradley moved for an extension of time to file his response because of prison staff's alleged interference with his legal mail, Dkt. 27, and he followed with his opposition materials. I will grant Bradley's motion for extension of time and I will consider his opposition materials.

I take Bradley to contend that his administrative remedies were unavailable to him because the grievance-handling employees at the prison interfered with his attempts to file a grievance directly about the March 2024 handcuffing incident: he states that he attempted to grieve that incident three times before his grievance was finally accepted and numbered CCI-2024-6704. Bradley doesn't explain the exact details of those previous attempts, but defendants' grievance records show that two of Bradley attempts were returned to him by the institution complaint examiner for failing to follow prison regulations by limiting the grievance to one issue and by first attempting to informally resolve the issue with staff. Dkt 24-4, at 16, 21. But the examiner did eventually accept Bradley's grievance, so that isn't evidence that

3

Bradley was barred from the grievance system. Also, Bradley's grievance history shows that he filed three other grievances in the months between the incident and his July 2024 complaint in this court. There is no reasonable inference that Bradley was generally barred from filing grievances.

Nor does Bradley present any evidence that he was specifically barred from filing a grievance about Hill and Prater blocking his correspondence with medical staff. His attempts at grieving the March 2024 incident do not mention this alleged misconduct (and in any event that grievance was eventually accepted). In his appeal of the '6704 grievance, Bradley states that he "submitted appx. 3 blue slips that as of [May 31, 2024] have not been responded to," Dkt. 29, at 4, by which I take him to be saying that he attempted to submit health service requests that were not answered. Perhaps that was Bradley's attempt at raising the issue of Hill and Prater's interference, but even if so, Bradley didn't first raise that issue in an underlying grievance, so he failed to follow the prison exhaustion regulations. Therefore I will grant partial summary judgment to defendants and I will dismiss Bradley's Eighth Amendment claims. That dismissal is without prejudice, *see Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004), but Bradley may now find it impossible to file a proper grievance now because the relevant events happened so long ago. This case will proceed only with Bradley's Rehabilitation Act claim against the Wisconsin Department of Corrections.

ORDER

IT IS ORDERED that:

1. The clerk of court is directed to amend the caption as reflected above.

2. Plaintiff Brandon D. Bradley's motion to supplement his complaint, Dkt. 18, is DENIED.

3. Plaintiff's motion for extension of time, Dkt. 27, is GRANTED.

4. Defendants' motion for partial summary judgment, Dkt. 22, is GRANTED.

5. Defendants Hill and Prater are DISMISSED.

Entered August 14, 2025.

                BY THE COURT:

                /s/

                _____
                JAMES D. PETERSON
                District Judge